## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| TEXAS SALVAGE SALES, INC.<br>d/b/a MERCHANDISE RECYCLERS<br>LIQUIDATORS,<br><br>    Plaintiff,<br><br>v.<br><br>THE TRAVELERS LLOYDS<br>INSURANCE COMPANY,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>Civil Action No. 2:15-CV-00169-J |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE:

Texas Salvage Sales, Inc. d/b/a Merchandise Recyclers Liquidators ("MRL") complains of The Travelers Lloyds Insurance Company ("Travelers") as follows:

### I.
### The Parties

1.    Plaintiff MRL is a Texas for-profit corporation with its principal place of business and office located at 99 S. Taylor Street, Amarillo, Texas.

2.    Defendant The Travelers Lloyds Insurance Company is an insurance company incorporated under the laws of Connecticut, with its principal place of business in Connecticut. It is licensed to do business in the State of Texas. It can be served with service of process at its principal place of business or through its registered agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin, TX 78701-3218.

## Jurisdiction and Venue

3.      The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount.  Travelers is a citizen of Connecticut and MRL is a citizen of the State of Texas.  The amount in controversy exceeds $75,000.00 excluding interest and costs.

4.      Venue is proper in this United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, MRL resides in this District, and the properties that are the subject of the dispute between Travelers and MRL are situated in this District.

### III.
### Factual Background

5.      Travelers issued a commercial property insurance policy to MRL (policy number IL660-255L350-TLC-13), with effective dates from May 1, 2013 to May 1, 2014 (the "Policy"). The Policy provided coverage for certain losses to commercial property at, among others, the following locations:

(A)     99 S. Taylor Street, Amarillo, TX 79101

(B)     98 S. Fillmore Street, Amarillo, TX 79101

(C)     100-104 S. Taylor Street, Amarillo, TX 79101

(D)     95 S. Taylor Street, Amarillo, TX 79101

(E)     99 S. Fillmore Street, Amarillo, TX 79101

(collectively the "Properties")

6.      The Policy includes the following appraisal provision:

## E.   LOSS CONDITIONS

### 2.   Appraisal

If we and you disagree on the value of the property or on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss.

Each part will:

**a.**     Pay its chosen appraiser; and
**b.**     Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal:

**a.**     You will retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Commercial Property Condition; and
**b.**     We will still retain our right to deny the claim.

7.     MRL submitted separate claims for each of the Properties to Travelers under the Policy related to damage sustained to the Properties from a May 28, 2013 hail storm. The parties invoked appraisal for each claim related to the Properties and retained their own appraisers.

8.     In accordance with the terms of the insurance policy, the parties initiated the appraisal process and obtained a Court Order appointing Mark Packard as umpire to resolve the disputes between the parties.

9.     On April 7, 2015, Mr. Packard issued his Appraisal Awards being the amounts of the losses caused by the covered occurrence on four of the properties as follows:

|                    | Total RCV   | Depreciation | Total ACV   |
|--------------------|-------------|--------------|-------------|
| 98 South Fillmore  | 172,387.05  | 29,916.92    | 142,470.13  |
| 95 South Taylor    | 479,726.73  | 55,502.79    | 424,223.94  |

|  |  |  |  |
|---|---|---|---|
| 99 South Taylor | 165,114.33 | 19,103.17 | 146,011.16 |
| 100/104 South Taylor | 406,626.26 | 62,606.01 | 344,020.25 |
| Totals | $1,223,854.30 | $167,128.89 | $1,056,725.40 |

10.     Subsequently on May 18, 2015, Mr. Packard issued his Appraisal Award on 99 S. Fillmore as follows:

|  | Total RCV | Depreciation | Total ACV |
|---|---|---|---|
| 99 S. Fillmore | 52,443.35 | 13,110 | 39,332.52 |
| Total ACV (including tax, overhead and profit) | | | 55,013.09 |

On June 10, 2015, Travelers issued a payment of $48,557.57 on 99 S. Fillmore.

11.     Plaintiff issued a demand letter to Travelers on April 8, 2015, demanding that the awards be paid. Ex. A.  On April 17, 2015, Travelers issued benefits based on the Appraisal Awards entered by Mr. Packard on April 7, 2015 as follows:

95 S. Taylor St.     $360,668.38

99 S. Taylor St.     $117,937.10

100/104 S. Taylor St. $96,635.65

12.     With respect to 98 S. Fillmore, Travelers did not issue payment on the Appraisal Award as Travelers has taken the position that " . . . the award totals provided for estimate location 1, located at 98 S. Fillmore, go beyond the scope of Travelers' damage estimate, which only accounted for minor repairs." Ex. B.

13.     At present, no payment has been made by Travelers as related to 98 S. Fillmore.

## CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

15.     Travelers had a contract of insurance with Plaintiff. Travelers breached the terms of that contract by wrongfully denying and/or underpaying the claims as well as failing to pay the appraisal award on 98 S. Fillmore issued by the Court-appointed appraiser Mark Packard. As a result of these actions by Defendant, Plaintiff was damaged thereby.

**B.      Prompt Payment of Claims Statute**

16.     The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.      Bad Faith/DTPA**

18.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

19.     Defendant violated § 541.051 of the Texas Insurance Code by:

        (1)     making statements misrepresenting the terms and/or benefits of the policy.

20.     Defendant violated § 541.060 by:

        (1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

        (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

        (3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

        (4)     failing within a reasonable time to affirm or deny coverage of a claim to

Plaintiff or submit a reservation of rights to Plaintiff; and

  (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21. Defendant violated § 541.061 by:

  (1) making an untrue statement of material fact;

  (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

  (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  (4) making a material misstatement of law; and

  (5) failing to disclose a matter required by law to be disclosed.

22. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

23. Defendant has violated § 542.003 and the Texas Deceptive Trade Practices Act in the following respects:

  (1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

  (2) Defendant failed to disclose information concerning goods or services, which was known at the time of transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

  (3) Defendant, by accepting insurance premiums but refusing without a

reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA §17.50 (a)(1)(3) in that Travelers took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.     Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152 (a)-(b).

     **C.     Attorney's Fees**

25.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

26.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. Code §§ 38.001-38.003 because it is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the explanation of the 30th day after the claim was presented.

27.     Plaintiff further prays that be awarded all reasonable attorney's fees incurred in prosecuting causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## CONDITIONS PRECEDENT

28.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## JURY DEMAND

29.     Pursuant to FED.R.CIV.P. 38 Plaintiff respectfully requests a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays that upon final hearing of the case, that Plaintiff recover all damages from and against Travelers that may be reasonably established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, statutory interest, punitive or exemplary damages, and such other and further relief, general or special, at law or in equity to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ J. Daren Brown*
J. Daren Brown
Texas Bar No.: 24036271
dbrown@sjblawfirm.com
Tad Fowler
Texas Bar No.: 07326200
tfowler@sjblawfirm.com
Stockard, Johnston & Brown, P.C.
1800 S. Washington, Ste. 115
Amarillo, Texas 79102
Telephone: (806) 372-2202
Facsimile: (806) 379-7799
Attorneys for Plaintiff


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

# Exhibit

# A



STOCKARD,
JOHNSTON
& BROWN, p.c.
A   L A W   F I R M

April 8, 2015

Martin R. Sadler                         Via CMRRR: 70140150000035856982
Joe Wearmouth                           and Electronic Mail: msadler@lawla.com
Lugenbuhl Law Firm                                       jwearmouth@lawla.com
815 Walker Street, Suite 1447
Houston, Texas 77002

Re:          Appraisal Awards Dated 4/7/15
             Claim No.:        EXC8957
             Policy No.:       IL660-2555L350
             Insured:          Merchandise Recyclers Liquidators
             Carrier:          Travelers Lloyds Insurance Company
             Loss Date:        05-28-13
             Loss Location(s): 98 South Fillmore
                               95 South Taylor
                               99 South Taylor
                               100-104 South Taylor

Gentlemen:

       As you know, my client and your company jointly submitted this claim to the appraisal
process in accordance with the terms of the policy in order to determine the amount of the loss
caused by the hailstorm of 05-28-13. The applicable law is the Texas Supreme Court's holding
in State Farm Lloyds v. Johnson, 290 S.W.3d 886 (Tex. 2009) which confirms that these
appraisal provisions are fully enforceable for the purpose of determining the amount of loss
caused by a covered occurrence where that issue is in dispute.

       Appraisers were designated in accordance with the terms of the policy and Mark Packard
was appointed by Judge Mary Lou Robinson to serve as umpire. Awards were entered by Mr.
Packard on April 7, 2015 (copies of which are attached to this letter) being the amounts of the
losses caused by the covered occurrence as follows:

|                                 | Total RCV    | Depreciation | Total ACV    |
|---------------------------------|--------------|--------------|--------------|
| 98 South Fillmore               | 172,387.05   | 29,916.92    | 142,470.13   |
| 95 South Taylor                 | 479,726.73   | 55,502.79    | 424,223.94   |
| 99 South Taylor                 | 165,114.33   | 19,103.17    | 146,011.16   |
| 100-104 South Taylor            | 406,626.26   | 62,606.01    | 344,020.25   |
| Totals                          | 1,223,854.30 | 167,128.89   | 1,056,725.40 |

It is my understanding that some partial payments were previously made by Travelers as follows:

| 98 South Fillmore    | $406.30      |
| 95 South Taylore     | $46,434.98   |
| 100-104 South Taylor | $70,929.53   |
| Total                | $117,770.81  |

Demand is made that Travelers Lloyds Insurance Company issue payment for $938,954.59 which represents the total ACV amount due on the appraisal awards less the prior payments. Please make checks payable to Texas Salvage Sales, Inc. d/b/a Merchandise Recyclers Liquidators and its attorneys, Stockard, Johnston and Brown, P.C. The check(s) should be delivered to my office at 1800 S. Washington, Suite 115, Amarillo, Texas 79102.

This letter will further serve as notice of my clients' claim under the Texas Consumer Protection Act, found at the Texas Business and Commerce Code § 17.46 et. seq., and the Texas Insurance Code, Chapters 541 and 542. Failure to meet these demands will result in a lawsuit seeking recovery of the amount of economic damages, attorney's fees, and a statutory penalty of eighteen percent on unpaid economic damages pursuant to Chapter 542 of the Texas Insurance Code.

Respectfully,

J. Daren Brown

JDB/rm
attachment

cc:  Merchandise Recyclers Liquidators
     Rich Riley
     Rickey Conradt

## APPRAISAL AWARD 98 SOUTH FILLMORE

**INSURED:**                                        **INSURANCE COMPANY:**

Name:  Merchandise Recyclers Liquidators          Name: Travelers Lloyds Insurance

Loss Date:  May 28, 2013

Policy No.: IL660 2555L350

Claim No.: EXC8472001H

Umpire:  Mark L. Packard

### 98 South Fillmore

|            | RCV        | Depreciation | ACV        |
|------------|------------|--------------|------------|
| Subtotal:  | 132,964.12 | 29,916.92    | 103,047.20 |

| | |
|---|---|
| OH: | 13,296.42 |
| Profit: | 13,296.42 |
| Tax: | 12,830.09 (.0825%) |
| Total RCV: | 172,387.05 |
| Depreciation: | 29,916.92 |
| Total ACV: | 142,470.13 |

**STIPULATIONS:**  This Award is made without consideration of any deductibles or prior payments.  Such deductibles and prior payments may be subtracted from any payments due as a result of this Award, if applicable.  This Award is made subject to all terms, conditions, and exclusions of the policy.

Pursuant to our appointment, do hereby certify that we have truly and conscientiously performed the duties assigned to us, and have appraised, determined, and do hereby AWARD as the amount of loss in the referenced claim, the above described sums.

**AGREED:**

Date: 4/7/2015    Appraiser for the Insured: _____

Date: _____    Appraiser for the Insurer: _____

Date: 4-7-2015    Umpire: _____

**APPRAISAL AWARD  95 SOUTH TAYLOR**

**INSURED:**                                        **INSURANCE COMPANY:**

Name:  Merchandise Recyclers Liquidators          Name: Travelers Lloyds Insurance

Loss Date:  May 28, 2013

Policy No.: IL660 2555L350

Claim No.: EXC8472001H

Umpire:  Mark L. Packard

### 95 South Taylor

|           | RCV       | Depreciation | ACV       |
|-----------|-----------|--------------|-----------|
| Subtotal: | 370,018.66 | 55,502.79    | 314,515.87 |

| | |
|---|---|
| OH: | 37,001.88 |
| Profit: | 37,001.88 |
| Tax: | 35,704.31 (.0825%) |
| Total RCV: | 479,726.73 |
| Depreciation: | 55,502.79 |
| Total ACV: | 424,223.94 |

**STIPULATIONS:**  This Award is made without consideration of any deductibles or prior payments.  Such deductibles and prior payments may be subtracted from any payments due as a result of this Award, if applicable.  This Award is made subject to all terms, conditions, and exclusions of the policy.

Pursuant to our appointment, do hereby certify that we have truly and conscientiously performed the duties assigned to us, and have appraised, determined, and do hereby AWARD as the amount of loss in the referenced claim, the above described sums.

**AGREED:**

Date: H.7/2015    Appraiser for the Insured:

Date: _____    Appraiser for the Insurer:

Date: 4-7-2015    Umpire:

### APPRAISAL AWARD 99 SOUTH TAYLOR

**INSURED:**

Name: Merchandise Recyclers Liquidators

Loss Date: May 28, 2013

Policy No.: IL660 2555L350

Claim No.: EXC8472001H

Umpire: Mark L. Packard

**INSURANCE COMPANY:**

Name: Travelers Lloyds Insurance

#### 99 South Taylor

|  | RCV | Depreciation | ACV |
|---|---|---|---|
| Subtotal: | 127,354.49 | 19,103.17 | 108,251.32 |

| | |
|---|---|
| OH: | 12,735.47 |
| Profit: | 12,735.47 |
| Tax: | 12,288.90 (.0825%) |
| Total RCV: | 165,114.33 |
| Depreciation: | 19,103.17 |
| Total ACV: | 146,011.16 |

**STIPULATIONS:**  This Award is made without consideration of any deductibles or prior payments.  Such deductibles and prior payments may be subtracted from any payments due as a result of this Award, if applicable.  This Award is made subject to all terms, conditions, and exclusions of the policy.

Pursuant to our appointment, do hereby certify that we have truly and conscientiously performed the duties assigned to us, and have appraised, determined, and do hereby AWARD as the amount of loss in the referenced claim, the above described sums.

**AGREED:**

Date: 4/7/2015   Appraiser for the Insured: _____

Date: _____   Appraiser for the Insurer: _____

Date: 4-7-2015   Umpire: _____

### APPRAISAL AWARD  100-104 SOUTH TAYLOR

**INSURED:**                          **INSURANCE COMPANY:**

Name: Merchandise Recyclers Liquidators      Name: Travelers Lloyds Insurance

Loss Date:  May 28, 2013

Policy No.: IL660 2555L350

Claim No.: EXC8472001H

Umpire:  Mark L. Packard

#### 100-104 South Taylor

|  | RCV | Depreciation | ACV |
|---|---|---|---|
| **Subtotal:** | 313,030.09 | 62,606.01 | 250,424.08 |

| | |
|---|---|
| OH: | 31,303.08 |
| Profit: | 31,303.08 |
| Tax: | 30,990.01  (.0825%) |
| Total RCV: | 406,626.26 |
| Depreciation: | 62,606.01 |
| Total ACV: | 344,020.25 |

**STIPULATIONS:**  This Award is made without consideration of any deductibles or prior payments.  Such deductibles and prior payments may be subtracted from any payments due as a result of this Award, if applicable.  This Award is made subject to all terms, conditions, and exclusions of the policy.

Pursuant to our appointment, do hereby certify that we have truly and conscientiously performed the duties assigned to us, and have appraised, determined, and do hereby AWARD as the amount of loss in the referenced claim, the above described sums.

**AGREED:**

Date: 4/7/2015   Appraiser for the Insured:

Date: _____   Appraiser for the Insurer: _____

Date: 4-7-2015   Umpire: _____

# Exhibit

# B

**TRAVELERS**

The Travelers Lloyds Insurance Company
P.O. Box 660452
Dallas, TX 75266-0452

04/17/2015

Daren Brown
Stockard, Johnson And Brown, P.C.
1800 S. Washington, Suite 115
Amarillo TX 79102

| | |
|---|---|
| **Insured:** | Merchandise Recyclers Liquidators |
| **Claim Numbers:** | EXC8472, EXC8954, EXC8957, EXC8959, EXC8960 |
| **Policy Number:** | IL660-2555L350 |
| **Date of Loss:** | 05/28/2013 |
| **Loss Location:** | Multiple (listed below) |

Dear Mr. Brown,

Please accept this letter as a follow-up to our recent conversation regarding the damages to your client's property. We appreciate your time and consideration.

I have prepared the attached estimate for the undisputed damages that are covered by the effective policy.  The estimate has been based on the appraisal award figures provided by the umpire, Mark Packard. Based on our estimate, the award, and conditions of the effective policy, we have issued payment(s) as follows:

| | | |
|---|---|---|
| Full Cost of Repair or Replacement: | | $1,064,739.90 |
| Less Non-Recoverable Depreciation: | - | $   143,622.80 |
| Actual Cash Value: | | $   921,117.10 |
| Less Law and Ordinance Upgrade Totals: | - | $   177,455.07 |
| Less Prior Payments: | - | $   164,420.93 |
| Less Deductible: | - | $       5,000.00 |
| Benefit Payment: | | $   574,241.13 |

The payment checks have been mailed on a per-location basis and should arrive at your location within the next few days.  The checks have been issued as follows:

Location 3.3 - 95. S. Taylor St. (Claim reference #EXC8957):  $360,668.38
Location 4,4 - 99 S. Taylor St. (Claim reference #EXC8959):  $117,937.10
Location 5,5 - 100 S. Taylor St. (Claim reference #EXC8960):  $  96,635.65

You will note that the estimate includes a column for depreciation.  The following locations are insured on an actual cash value basis and, therefore the depreciation subtracted for these structure is non-recoverable:

Location 1,1 - 98 S. Fillmore (Claim reference #EXC8472)
Location 2,2 - 99 S. Fillmore (Claim reference #EXC8954)
Location 4,4 - 99 S. Taylor    (Claim reference #EXC8958)
Location 5,5 - 100 S. Taylor  (Claim reference #EXC8960)

You will also note in the enclosed estimate that depreciation has been applied to Location 3 in the policy, located at 95 S. Taylor (claim reference #EXC8957).  As discussed, the policy contains a Coinsurance Provision requiring the building in question to be insured to 80% of its

replacement cost  That requirement has not been met, as our valuation of the property shows the replacement cost value of the building to be $1,239,907, versus the current policy limit of $551,668. Please review the following calculations applying to your claim pertaining to coinsurance, per the loss settlement conditions of the effective policy:

Step (1) $1,239,907 X .80 =           $991,925
Step (2) $551,668/991,925 =           55.61
Step (3) $479,726.73 X .5561 =        $266,776.03
Step (4) $266,766.03 - $5,000 =       $261,766.03 Maximum payable based on co-insurance

The loss settlement conditions of the policy also provide the insured the option to settle the loss at actual cash value.  Per our discussion, payment has been issued based on the actual cash value of the loss for this location, as it financially is more beneficial based on the coinsurance calculations for the replacement cost value shown above. For this reason, the depreciation withheld on this location is also non-recoverable.

As we also discussed, the appraisal award figures were based on the estimate provided by Rich Riley, the appraiser designated by the insured in this loss. Within Mr. Riley's estimate were allowances for law and ordinance upgrades, which are not covered in the policy for locations insured at actual cash value.  For this reason, a total of $177,455.07 has been subtracted from the settlement totals.  Please review the following language from the effective policy, which details the coverage available for law and ordinance upgrades:

### A. COVERAGE

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.

### 4. Additional Coverages

Each of these Additional Coverages is additional insurance unless otherwise indicated in the Declarations or by endorsement, the following Additional Coverages apply:

f.  Increased Cost of Construction or Repair

(1) This Additional Coverage applies only to buildings to which the Replacement Cost Optional Coverage applies.

Additionally, as we discussed, the award totals provided estimated for location 1, located at 98 S. Fillmore, go beyond the scope of Travelers' damage estimate, which only accounted for minor repairs.  Our research is ongoing at this time to determine whether coverage is provided by your policy for the full scope of damage outlined in the appraisal award for this structure.  A letter has been submitted under separate cover regarding our ongoing investigation for this structure.

The mortgage company for each applicable structure has been included on the payment because of its legal rights and financial interest in the property.  You will need to contact your mortgage company for instructions on how to process the check.

If you have any questions, concerns or additional information you would like me to consider regarding this, please contact me at the number or email address below.

Sincerely,


Bryan Jones
Claim Professional
Direct: (918)409-6041
Office: (800)238-6208 Ext. 409-6041
Fax: (877)786-5577
Email: BCJONES@travelers.com


CC: Neely Craig - Walton LLP
     Merchandise Recyclers Liquidators